UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

      Plaintiff,

v.                                                                    Hon. Jane M. Beckering

DEGAGE MINISTRIES, et al.,                          Case No. 1:25-cv-282

      Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Jeffery Jackson, who claims to be the Emperor of the Moorish Empire, filed his pro se complaint in this case on March 14, 2025, seeking to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 for claims asserted pursuant to 42 U.S.C. § 1983. He sues Degage Ministries and Unknown Part(y)(ies) #1, identified as "and personnel."

Because Plaintiff has been granted permission to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim.[1]

---

[1] Although Plaintiff sued me in Case No. 1:25-cv-264, in which I recused, I find no need to do so here. "Recusal is not required simply because one of the parties has initiated litigation against the presiding judge." *Callihan v. Eastern Ky. Prod. Credit Ass'n*, No. 89-5578, 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990) (citing *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986)); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *Garvins v. Hofbauer*, No. 2:09-cv-48, ECF No. 20 at PageID.324 (W.D. Mich. June 26, 2009) ("The mere fact that a plaintiff has filed a complaint for judicial misconduct against a judge cannot automatically require recusal of that judge."); *United States v. Arnold*, No. 2:13-cr-6, 2015 WL 13239175 (W.D. Mich. 2015) (denying motion to disqualify where the movant had filed a criminal complaint, complaint of misconduct, and civil lawsuit against the presiding judicial officer).

Plaintiff sought assistance from Degage Ministries—a private, nonprofit entity that provides services to the Grand Rapids, Michigan homeless community and other impoverished individuals—in obtaining his birth certificate. On March 13, 2025, Plaintiff went to Degage's facility to obtain his birth certificate. When he arrived, Degage's representative(s) asked him to produce his Mel Trotter Ministries identification card as a condition of receiving his mail. After Plaintiff produced his identification card, the representative(s) asked him for the last four digits of his Social Security number. When Plaintiff refused to provide this information, the representative(s) withheld Plaintiff's birth certificate. Plaintiff claims that he gave the representative(s) multiple opportunities to informally resolve the situation by surrendering his property (the birth certificate), but they refused to do so. (ECF No. 1 at PageID.1–2.)

Plaintiff alleges that Defendants violated his rights under the Fourth and Fifth Amendments, as well as the Treaty of Peace and Friendship.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff fails to allege a valid claim under Section 1983. Degage is a private non-profit entity, not a state actor. Likewise, its employees and volunteers are not state actors. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where a defendant is not a state official or entity, its conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

3

*Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally Lugar*, 457 U.S. at 936–39 (discussing three tests).

Here, Plaintiff alleges no fact indicating that Degage's conduct could be fairly attributed to the State under any of these tests. Even if Degage receives state and/or federal funding, that fact is insufficient to characterize its actions as those of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 839 (1982); *see also Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6th Cir. 1992) (finding private not-for-profit corporation which derived "a significant portion of its funding from the government" and which leased one of its facilities from the government at nominal cost was not a state actor); *Adams v. Vandemark*, 855 F.2d 312, 316 (6th Cir. 1988) (holding that the defendant, a non-profit corporation, was not a state actor even though it was "funded almost entirely by public sources, and [was] subject to regulation").

In addition, Degage did not unreasonably search or seize Plaintiff or his property. The requests for Plaintiff's identification card and last four digits of his Social Security number were simply reasonable measures designed to verify Plaintiff's identity and protect him from another's nefarious use of his birth certificate.[2]

---

[2] Plaintiff also fails to allege any fact indicating that he had a property interest in a copy of his birth certificate that Degage ordered and may have paid for on Plaintiff's behalf.

Last, Plaintiff's claim based on the Treaty of Peace and Friendship is frivolous. *See Jackson v. United States*, No. 1:25-cv-116, 2025 WL 663210, at *2 (W.D. Mich. Feb. 13, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 660638 (W.D. Mich. Feb. 28, 2025) ("Plaintiff's contention that he is a 'moorish-american' citizen and subject to special treaty rights between the United States and the 'morrocan (Moorish) empire' is patently frivolous and grounds for dismissal for lack of jurisdiction.").

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  April 2, 2025                                   /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).